IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DOUGLAS H. THORNTON, #83565         *
                 Plaintiff,
v.                                          *    CIVIL ACTION NO. RDB-13-2874

WARDEN                               *
UNKNOWN OFFICERS
                 Defendants.    *
                                      *****

## **MEMORANDUM OPINION**

On September 30, 2013, Douglas Thornton ("Thornton"), a former detainee at the Baltimore Central Booking and Intake Center ("BCBIC") filed this 42 U.S.C. § 1983 Complaint seeking injunctive relief. Defendant Warden has filed a Motion to Dismiss or for Summary Judgment. ECF No. 27; *see also* ECF No. 28. Thornton, having been notified of his rights and obligations to file responsive pleadings pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), *see* ECF No. 30, has chosen not to file opposition materials. No hearing is required. *See* Local Rule 106.5 (D. Md. 2011). For reasons to follow, Defendants' dispositive Motion, construed as a motion for summary judgment, IS GRANTED.

## **BACKGROUND**

Thornton complains that while detained at BCBIC he tried to obtain his medication that his "street" doctors had prescribed. He maintained that his head hurts and he sees and hears things without his medication. Thornton further claimed that he forgets things, cannot sleep, and has written and filed sick-call requests. ECF No. 1.

## STANDARD OF REVIEW

### I. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the Court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, this Court "need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a Court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice" to plead a claim). Second, a Complaint must be dismissed if it does not allege a "plausible" claim for relief. *Id.* at 678–79 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

If, on a motion asserting the defense of dismissal for the failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. *See Talbot v. U.S. Foodservice, Inc.*, 191 F.Supp.2d 637, 639 (D. Md. 2002).

### 2. Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). Whether a fact is material depends upon the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Accordingly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Id. "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.' " *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The Court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in his favor. *See Scott v. Harris*, 550 U.S. 372, 378 (2007) (citation omitted); *see also*

*Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore,* 721 F.3d 264, 283 (4th Cir. 2013) (citation omitted). At the same time, the Court must not yield its obligation "to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat,* 346 F.3d at 526 (citation and internal quotation marks omitted).

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Cruz v. Beto,* 405 U.S. 319 (1972). The requirement of liberal construction does not mean the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Department of Social Services,* 901 F.2d 387, 391 (4th Cir. 1990). The Court cannot assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).

## ANALYSIS

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979)). A suit under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 707 (1999). To state a claim under § 1983, a Plaintiff must allege that (1) a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

4

**Plaintiff's Allegations**

This Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party, *see Scott v. Harris,* 550 U.S. 372, 378 (2007); *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) and liberally construes Plaintiff's pleadings in light of the fact that he is self-represented. *See Gordon v. Leek,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Thornton claims that he was not provided unspecified medication that had been prescribed to him prior to his detention. Defendant "Warden" asserts that Thornton has failed to state a claim against him/her as it is the health care contractor, not the Warden or other State employees, who are responsible for providing medical and psychiatric care to detainees. ECF No. 27 at Ex. A, Sullivan Aff. Defendant Warden additionally argues that Thornton was housed at the BCBIC from August 23, 2013 to September 19, 2013, when he was transferred to the Baltimore City Detention Center ("BCDC"). He was placed on the medical observation unit and was subsequently referred to medical and mental health practitioners. A registered nurse at the BCDC generally affirms that Thornton was prescribed proper medications and those "prescriptions remain active." ECF No. 28 at Ex. B, Odunze Aff.

To the extent that Thornton has named the BCBIC Warden, he has failed to state a claim. There is no showing that the Warden was personally involved in Plaintiff's medical care while he was incarcerated for the limited period of time at BCBIC. Indeed the sworn affidavit furnished to the Court affirms that all medical and mental health care provided to BCBIC detainees is contracted out to private service providers and that State employees are not responsible for such care. Plaintiff has provided no evidence demonstrating supervisory liability

on the part of the Warden. *See* S*haw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994); *Miltier v. Beorn*, 896 F. 2d 848, 854 (4th Cir. 1990).

## CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss of for Summary Judgment, treated as a motion for summary judgment, will be granted. The Complaint against Defendants "Unknown Officers" shall be dismissed. A separate Order follows dismissing this Complaint.

Date: July 16, 2014

                                     RICHARD D. BENNETT
                                     UNITED STATES DISTRICT JUDGE